(No. 75-CV-16-

JOHN FRANCES LITTLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 18, 1975.*

JOHN FRANCIS LITTLER, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on February 1, 1974, at 860 North DeWitt, Cook County, Chicago, Illinois. John F. Little, victim of crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act", (*Ill.Rev.Stat., 1973, Ch. 70, §71, et seq.*) (hereafter referred to as the "*Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, John F. Littler, age 61, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery", (*Ill.Rev.Stat., 1973, Ch. 38, §12-4.)*

2. That on February 1, 1974, claimant was beaten and kicked as he was walking two women home.

3. That statements, taken by police investigators shortly after the crime was committed, present no evidence of any wrongful act or provocation by the claimant for the attack upon him by the assailant.

4. That the victim was transported by police car to Northwestern Memorial Hospital, 222 West Fairbanks Street, Chicago, where he was treated for orbital hematoma by Dr. T. B. Rothstein. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts as reported therein are incorporated in this opinion by reference.

5. That the victim and his assailant were not related or sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials; however, the assailants have not been identified.

7. That the claimant incurred medical and hospital

expenses which were partially covered by insurance, as follows:

| | | | |
|---|---|---|---|
| 1) | Medical | $ | 70.50 |
| 2) | Hospital | | 670.00 |

$ 740.50

8. That in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act', or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)".

9. That in this claim before us, the benefits received by the claimant from other sources which must be deducted from his loss as contemplated by §7(d) of the Act were shown to be in the total sum of $469.46. This amount, plus the statutory deduction of $200 having been deducted from the gross amount of loss, as calculated in Paragraph #7, leaves a loss compensable under the Act of $71.04. Hence, the claimant is entitled to an award in the amount of $71.04. i.e.,

| | |
|---|---|
| Net Hospital & Medical | $271.04 |
| Less $200 deductible | −200.00 |

$ 71.04

It Is Hereby Ordered that the total sum of $71.04 (Seventy One Dollars and Four Cents) be hereby awarded to the claimant, an innocent victim of a violent crime.